UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARGARET B. FRASER and JOSEPH T. FRASER,<br>    *Plaintiffs*,<br>    *v.*<br>WYETH, Inc. and WYETH PHARMACEUTICALS, Inc.,<br>    *Defendants*. | Civil No. 3:04-cv-1373 (JBA)<br><br>December 17, 2014 |

**RULING ON PLAINTIFFS' MOTION TO AMEND TRIAL COURT RECORD**

In April 2012, following a three and a half week jury trial, the jury found Defendants Wyeth, Inc. and Wyeth Pharmaceuticals, Inc. (collectively "Wyeth") liable for failure to provide adequate warnings, strict liability, negligent failure to test, study or investigate, and negligent misrepresentation. (Jury Verdict [Doc. # 275].) The Court denied [Doc. # 354] Defendants' motion for judgment as a matter of law and their motion for a new trial. Defendants are currently seeking review by the Second Circuit. Having received leave from the Second Circuit, Plaintiffs now move [Doc. # 374], pursuant to Federal Rule of Civil Procedure 60(a)[1] to amend the trial court record to correct clerical mistakes therein. For the following reasons, Plaintiffs' motion is granted in part and denied in part.

Plaintiffs contend that while preparing their appellate brief, they discovered that a portion of the recorded deposition of Dr. Michael Tesoro, which they represent was

---

[1] Fed. R. Civ. P. 60(a) provides: "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. . . . [A]fter an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave."

played at trial, is absent from the trial record. (Pls.' Mot. to Amend [Doc. # 374] at 1.) At trial, it was not necessary for the court reporter to re-transcribe the already-recorded deposition testimony presented to the jury. The parties did not offer exhibits designating the portions of the deposition transcripts that were played at trial apart from their deposition designation summaries, submitted to the Court to evidence the content of the deposition testimony played for the jury.

During trial, Plaintiffs initially filed their deposition designations for Dr. Tesoro as Doc. # 202. Those designations are numbered chronologically from 1 to 103, skipping only number 68 (number 67 is included twice, evidently by accident and at the exclusion of number 68). Defendants later submitted a single document that contained both Plaintiffs' designations and Defendants' counter-designations for Dr. Tesoro, docketed as # 250. The parties appear to agree that Doc. # 250 is the final record of Dr. Tesoro's deposition testimony which was played for the jury. Doc. # 250, however, omits Plaintiffs' designation number 73 (lines 109:19–110:04 of Dr. Tesoro's deposition[2]). In all other respects, Doc. # 202 is identical to Doc. # 250 with regard to Plaintiffs' designations. Plaintiffs maintain that the exclusion of number 73 (as well as lines 109:17–18, 110:05–110:8 and 110:10–111:1 of Dr. Tesoro's deposition) from the final designations was a typographical error appropriate for correction pursuant to Rule 60(a).

In support of their claim, Plaintiffs offer the records and declaration of Todd Goldberg, a litigation support consultant hired by Plaintiffs to assist counsel with electronic presentations at trial. (Goldberg Decl., Ex. D to Mot. to Amend at ¶ 2.) Mr.

---

[2] (*See* Tesoro Dep. Tr., Ex. B to Mot. to Amend).

Goldberg avers that he "maintained a contemporaneous record of actual 'clips' of testimony played at trial, renaming the clip to 'played in court' with the date." (*Id.* ¶ 3.) The record of Dr. Tesoro's transcript submitted by Mr. Goldberg includes lines 109:17–110:8 and 110:10–111:1. (Goldberg Record, Ex. 1 to Goldberg Decl. at 25.) Together, Plaintiff claims, this submission purports to demonstrate that lines 109:17–110:8 and 110:10–111:1 were played to the jury even though number 73, encompassing some of those lines, was accidentally omitted from the designations of record in Doc. # 250.

Defendants offer a multi-pronged opposition, claiming that: (1) this motion should have been brought pursuant to Federal Rule of Appellate Procedure 10(e)[3] or Federal Rule of Civil Procedure 60(b)[4] (Opp'n [Doc. # 357] at 8–9, 10); (2) if the motion is construed as having been brought pursuant to Fed. R. App. P. 10(e), it fails because Plaintiffs have not shown that the omitted evidence is material to the claim on appeal (*id.* at 12–15); (3) if the motion is construed as having been brought pursuant to Fed. R. Civ. P. 60(b) it fails because it is time-barred and without merit (*id.* at 16–19); (4) permitting an amendment to the trial record at this late date impedes the Court's interests in efficient

---

[3] Rule 10(e) states:

> (1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.
> (2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded . . . by the district court before or after the record has been forwarded. . . .

[4] Rule 60(b) permits a court upon motion to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise or excusable neglect."

administration of justice and finality of decisions (*id.*); and (5) Plaintiffs submitted insufficient evidence to demonstrate that the allegedly omitted testimony was actually played for the jury (*id.* at 11–15).

As a preliminary matter, the Court does not believe that Plaintiffs erred in filing this motion pursuant to Federal Rule of Civil Procedure 60(a) rather than 60(b) or Federal Rule of Appellate Procedure 10(e).  Rule 60(b) provides courts with a means of relieving a party from a judgment, order, or proceeding that was the result of error, inadvertence, surprise or excusable neglect.  Plaintiffs here, having obtained judgment in their favor, clearly seek no such relief.

Nor were Plaintiffs required to bring their motion pursuant to Federal Rule of Appellate Procedure 10(e).  Though that Rule provides one procedural vehicle Plaintiffs could have used to amend the trial court record, Defendants offer no authority for the proposition that once a case is on appeal, the record can only be amended via 10(e) and not 60(a).  Indeed, the plain language of Rule 60(a) belies this conclusion and specifically contemplates that a mistake in the record may be corrected after an appeal has been docketed in the appellate court, as long as the movant obtains, as Plaintiffs did here, the appellate court's leave.  Fed. R. Civ. P. 60(a) ("[A]fter an appeal has been docketed in the appellate court and while it is pending" "a clerical mistake or a mistake arising from oversight or omission" "may be corrected only with the appellate court's leave.").

Defendants' claim regarding timeliness is also unpersuasive.  As other courts in this circuit have noted, Rule 60(a) "has no time limit."  *Metso Minerals, Inc., v. Powerscreen Int. Distribution Ltd.*, 297 F.R.D. 213, 217 (E.D.N.Y. 2014) (citing *Uni-Rty*

*Corp. v. Guangdong Bldg. Fin., Inc.*, 95 CIV. 9432 (GBD), 2013 WL 150214, at *3 (S.D.N.Y. Jan. 11, 2013)).

Defendants argue that Plaintiffs have not demonstrated that the allegedly omitted portion of Dr. Tesoro's deposition was actually played at trial. Defendants offer several observations, supporting their view that Mr. Goldberg's records are inaccurate. They note that although Mr. Goldberg describes his records as "contemporaneous," they are dated September 22, 2014 (which is likely the date his "Case Clip(s) Detailed Report" was printed). In addition, although the trial transcript demonstrates that Mr. Tesoro's testimony was played in two parts—on April 3 and April 9, 2012—Mr. Goldberg's record of "Designations and Counters" contains the parenthetical "played in court – April 2." Further, Mr. Goldberg's notes of the Tesoro clips played at trial are dated April 11, 2011.[5]

While these errors cast doubt on the contemporaneousness of Mr. Goldberg's notes, they do provide some corroboration for Plaintiffs' claim of omissions. The fact that designation 73 is inexplicably missing from Doc. # 250, while the rest of Plaintiffs' designations from Doc. # 202 appear in Doc. # 250 lends further credence to Plaintiffs' claim. However, there is insufficient evidence that the jury heard lines 109:17–18, 110:05–110:8 and 110:10–111:1 to justify adding those lines to the record, particularly as these lines were not included in Plaintiff's initial deposition disclosures (*see* [Doc. # 202]). Had Plaintiffs sought to add these lines to their deposition designations during trial, the trial transcript would reflect as much, but the Plaintiff offers no such supporting except.

---

[5] It is apparent that the year is inaccurate as the trial was in April 2012.

Therefore, Plaintiffs' Motion [Doc. # 374] is GRANTED in part and DENIED in part. The record shall be amended only to show that the testimony of Dr. Tesoro, designated as number 73 by Plaintiffs (*see* Tesoro Dep. Tr., at 109:19–110:04) in Doc. # 202 was played for the jury.

IT IS SO ORDERED.

   /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 17th day of December, 2014.